## In re STANTON.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

ATTORNEY AND CLIENT (§ 54*) — DISBARMENT PROCEEDINGS — INVESTIGATING CHARGE OF CRIME.

Under Judiciary Law (Laws 1909, c. 35 [Consol. Laws, c. 30]) § 88, subd. 2, as amended by Laws 1913, c. 720, authorizing the Appellate Division of the Supreme Court to disbar an attorney who is guilty of crime, his disbarment is not dependent on his conviction, as it is under subdivision 3, providing for the striking from the roll of attorneys of the name of an attorney convicted of felony; so that the bar association having presented to the Appellate Division a charge of perjury against an attorney, who has not been indicted, the referee to whom the matter is referred should take and report the testimony of respondent as well as of petitioner, with his opinion thereon.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 73; Dec. Dig. § 54.*]

In the matter of Willard G. Stanton, an attorney, on charges preferred by the bar association. Report of referee set aside, and case remitted to him.

See, also, 156 App. Div. 944, 141 N. Y. Supp. 1147.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Henry S. Hooker, of New York City, for petitioner.

J. Quintus Cohen, of New York City, for respondent.

PER CURIAM. The association of the bar of the city of New York presented charges that the respondent had committed perjury on the trial of an action in the Municipal Court of the City of New York, wherein he was the defendant, in the defense of that action. The respondent seems to have interposed an answer denying the charges. Whereupon this court referred the matter to one of the official referees "to take testimony in regard to the said charges and to report the same with his opinion thereon to this court." The matter came on before the official referee to whom it had been referred, and the petitioner submitted testimony to prove the charges. Thereupon the official referee, without calling on the respondent to submit any testimony on his part, filed his report, in which he said:

"It is conceded, however, that the perjury, if any, was not committed in his character as attorney, but as defendant litigant in a civil action. Should he be tried for that offense in this proceeding, in no sense a criminal proceeding, * * * he would not only lose the right of trial by jury, but might be convicted on evidence not conclusive beyond a reasonable doubt. In my judgment the respondent should not be burdened with this imputation in advance of his trial for the crime of which he is accused. Let him be tried for that felony, and conviction would ipso jure operate his disbarment. * * *"

The learned official referee has misunderstood the duty that devolved upon him. The matter was referred to him to take the testimony. He has taken the testimony of the petitioner, and he does not report that on the testimony presented the charges have not been sustained. It does not appear from the record that criminal proceedings have been

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

instituted, nor that the respondent has been indicted, nor did the respondent ask to have the proceedings suspended while criminal charges were investigated.  By subdivision 2, § 88, Judiciary Law (chapter 35, Laws of 1909 [Consol. Laws, c. 30], as amended by chapter 720, Laws 1913):

"The Appellate Division of the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and counselor at law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice."

And by subdivision 3 of section 88:

"Whenever any attorney and counselor at law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

Under subdivision 2 of section 88, the disbarment of an attorney who has committed a crime would not be dependent upon his conviction for that offense as it is under subdivision 3, and when an attorney is charged with the commission of a crime it is the duty of the Appellate Division to investigate and, if the charge is proved, disbar him.  The fact that he has not been indicted or convicted is not a defense in proceedings of this character, as then, no matter what crime an attorney had committed, if he was not prosecuted criminally, he could still remain a member of the bar.  This court has no control over criminal prosecutions, but it is charged with the duty of preventing criminals from continuing members of the bar.  While this court, when an attorney has been indicted, may suspend the proceedings until after the trial on the indictment, yet, when an attorney has not been indicted, the fact that he could be if the charge is true, is no reason why the court should not investigate the charge.

This court has referred the matter to the official referee to take testimony in regard to the charges against the respondent.  He has taken the testimony of the petitioner, but apparently of his own motion has reported that the charges should be dismissed without giving the respondent an opportunity to present his testimony.  He should have that opportunity.

The report is therefore set aside, and the case sent back to the official referee to take whatever testimony the respondent may offer, and then report back all the testimony with his opinion thereon to the court.